No. 28,473.

P. S. MITCHELL, doing business as THE GRAND MOTOR COMPANY, *Appellee,* v. M. B. BROWNFIELD, *Appellant.*

(275 Pac. 166.)

Opinion filed March 9, 1929.

*Frederick G. Apt* and *Charles H. Apt,* both of Iola, for the appellant.
*John W. Brown* and *Kenneth H. Foust,* both of Iola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enforce performance of a contract to purchase an automobile, or for alternative relief. Plaintiff recovered liquidated damages stipulated in the contract, and defendant appeals.

On October 27, 1926, defendant gave an order to plaintiff for a Willys-Knight automobile, delivery to be made "on or about date of demand, or as soon thereafter as possible." The stated cash price was $2,585. Defendant had delivered to the Nash Motor Company a Nash automobile, and had received for it a credit slip on the Nash Motor Company for $475. The order gave credit on the cash price by allowance for the amount of the credit slip, which was delivered to plaintiff, and gave credit for cash with the order, $210. The stated balance was $1,900, to be paid in cash when delivery was made. The order contained the following stipulation:

"The purchaser agrees that, should he make default in the compliance with any provisions.hereof, or cancel his order after its acceptance by said company, the said company may retain, as liquidated damages therefor, any cash payment made . . ."

The Nash company had an automobile which plaintiff wanted. Believing defendant could get a better trade than plaintiff, the credit slip was returned to defendant. Defendant did not negotiate for the Nash company's automobile, and kept the credit slip. In

December, 1926, defendant purchased a Packard automobile. After that, plaintiff requested return of the credit slip. Defendant said plaintiff would get the credit slip when defendant accepted the Willys-Knight, and not before. Defendant continued to refrain from demanding delivery of a Willys-Knight, and on April 1, 1927, plaintiff sued him.

The trial occurred in March, 1928. The credit of $210 was not in fact a cash payment, but was the amount of a discount from the cash price of the automobile. Defendant had the credit slip. Defendant had been out nothing, he had a new Packard, and the price of a Willys-Knight had been reduced. Defendant testified he had not been willing to take the Willys-Knight before April 1, 1927, and was not willing to take it at the time of the trial, but he intended to take it when he felt the need of a new automobile. The court found defendant had not acted in good faith, and had not intended to exercise privilege under the contract to demand delivery of a Willys-Knight. It is not necessary to review the evidence, which, aside from the written instrument, was oral. The finding was well sustained by the evidence, and other elements of a cause of action were sufficiently proved.

Defendant's chief complaint is that the court refused to permit him to give the reasons why the terms of the contract were framed as the written order disclosed, and refused to permit him to testify to time of demand contemplated by the contract, to give his reasons for not making any demand for an automobile, and to testify to circumstances showing that delay in making demand was not unreasonable. The rejected testimony was not offered at the hearing on the motion for new trial, but answers returned and stricken out and testimony left in the record show what defendant wanted to say. He wanted to testify that the agreement was he was to take the automobile when he said so, and not having been in need of an automobile, he had not taken the Willys-Knight. The conclusion he desired the court to draw was that since delivery depended on exercise of his will, and his will had not been caused to function by need for an automobile, the delay was perfectly reasonable. The subject is not now material, because the court found defendant was shuffling. For defendant's satisfaction, however, this court will indulge in dictum far enough to say the offered evidence was properly excluded.

The court treated the credit slip as so much cash, and ordered the instrument delivered to plaintiff. The court found the cash credit of $210 and the credit slip for $475 constituted the amount of plaintiff's recovery, pursuant to the terms of the contract. Judgment was rendered accordingly. Defendant says treating the credit slip as cash put the court in the attitude of doing what the court accused defendant of trying to do at the trial—read something into the contract which was not there. It was a fair inference from the statement in the contract of the terms of sale that the credit slip was accepted in satisfaction of $475 of the cash consideration, that is, as equivalent to so much cash.

There is nothing else of importance in the case, and the judgment of the district court is affirmed.